

**IN THE
TENTH COURT OF APPEALS**

_____

**No. 10-18-00092-CV**

**IN THE INTEREST OF I.D.C., A CHILD**

_____

**From the 66th District Court
Hill County, Texas
Trial Court No. CV315-17**

## ORDER

The relevant background in this private termination suit is as follows:

- On February 27, 2018, the trial court signed an order terminating the parental rights of Appellant, I.D.C.'s father.

- On March 5, 2018, Appellant filed with the trial court clerk his *pro se* notice of appeal from the February 27, 2018 order of termination.

- On March 14, 2018, the reporter's record was filed in this Court.

- On March 29, 2018, Appellant filed in this Court a "Motion," raising several requests/issues. The Motion contains a "Preliminary Matters" section and a "Preliminary

Statement" section.  Included with the Motion are also several reference documents that Appellant describes as "Included Documents."

- On April 6, 2018, Appellant filed in this Court his docketing statement and a motion for extension of time to file his brief.

- On April 19, 2018, the clerk's record was filed in this Court.

- On April 23, 2018, Appellant filed in this Court two untitled documents raising several more requests/issues.

- On April 27, 2018, Appellant filed in this Court another untitled document and a motion to appoint counsel.

- On April 30, 2018, Appellant filed in this Court a second motion for extension of time to file his brief.  Attached to this motion is a copy of Appellant's "Second Motion for New Trial."

- On May 2, 2018, this Court issued a comprehensive "Abatement Order," addressing many of Appellant's requests/issues and abating this cause to the trial court for a hearing regarding the discretionary appointment of counsel for Appellant.

- On May 14, 2018, the trial court held a hearing and signed an order denying Appellant's request for court-appointed counsel to represent him in this appeal.

This appeal is now reinstated, and we have again reviewed the documents that have been filed and the status of this appeal and issue the following orders:

**Service of Documents**

In our May 2, 2018 Abatement Order, we noted that Appellant's March 29, 2018 Motion, his docketing statement, and his April 6, 2018 motion for extension of time to file brief did not contain proper proof of service. To expedite the matter, we implemented Rule of Appellate Procedure 2 to suspend Rule of Appellate Procedure 9.5's proof-of-service requirement for each of the documents and ordered the Clerk of this Court to immediately forward a copy of each of the documents to the appellee's lead counsel. *See* TEX. R. APP. P. 2, 9.5. We declined, however, to implement Rule 2 to suspend Rule 9.5's service requirements for Appellant's future filings in this appeal.

On further review of the documents that Appellant has filed in this appeal, we have determined that the two untitled documents that Appellant filed on April 23, 2018; the untitled document that Appellant filed on April 27, 2018; Appellant's April 27, 2018 motion to appoint counsel; and Appellant's April 30, 2018 second motion for extension of time to file brief also do not contain proper proof of service. Each of these documents was filed before we issued our Abatement Order on May 2, 2018. Accordingly, to expedite this matter, we again implement Rule 2 to suspend Rule 9.5's proof-of-service requirement for these documents. *See id.* at 2, 9.5. The Clerk of this Court is ordered to immediately forward a copy of each of the following documents to the appellee's lead counsel: the two untitled documents filed by Appellant on April 23, 2018; the untitled document filed by Appellant on April 27, 2018; Appellant's April 27, 2018 motion to

appoint counsel; and Appellant's April 30, 2018 second motion for extension of time to file brief. We reiterate, however, that we are not implementing Rule 2 to suspend Rule 9.5's service requirements for Appellant's future filings in this appeal. **All future filings by Appellant shall comply with Rule 9.5.**

### Protection of Minor's Identity

In our May 2, 2018 Abatement Order, we also noted that several documents filed in this appeal were not in compliance with Rule of Appellate Procedure 9.8. *See id.* at 9.8. To expedite the matter, we ordered that the documents be sealed. We then stated that all future filings would be expected to be in compliance with Rule 9.8.

On further review of the documents that Appellant has filed in this appeal, we have determined that the two untitled documents that Appellant filed on April 23, 2018; Appellant's April 27, 2018 motion to appoint counsel; and Appellant's April 30, 2018 second motion for extension of time to file brief are also not in compliance with Rule 9.8. Each of these documents was filed before we issued the Abatement Order on May 2, 2018. Accordingly, to expedite this matter, we order that the two untitled documents that Appellant filed on April 23, 2018; Appellant's April 27, 2018 motion to appoint counsel; and Appellant's April 30, 2018 second motion for extension of time to file brief be sealed. *See id.* at 2. We reiterate, however, that **all future filings will be expected to be in compliance with Rule 9.8.**

## Appointment of Counsel

In his April 27, 2018 motion, Appellant requests in part that we appoint him counsel or that we remand this case so that the trial court may appoint him counsel under Family Code section 107.013. *See* TEX. FAM. CODE ANN. § 107.013(a)(1) (West Supp. 2017) (mandating appointment of attorney ad litem for indigent parent in termination suit filed by governmental entity). But this is a private termination suit, and no statutory right exists to appointed counsel in a private termination suit. *In re J.C.*, 250 S.W.3d 486, 489 (Tex. App.—Fort Worth 2008, pet. denied). Family Code section 107.021(a) provides for discretionary appointments in private termination suits. *See* TEX. FAM. CODE ANN. § 107.021(a) (West 2014). We, however, have already abated this cause to the trial court for a hearing regarding the discretionary appointment of counsel for Appellant, and the trial court denied Appellant's request for court-appointed counsel to represent him in this appeal. We therefore deny this part of Appellant's April 27, 2018 motion to appoint counsel.

## Clerk's Record

In one of the untitled documents filed on April 23, 2018, and in the untitled document filed on April 27, 2018, Appellant complains that the district clerk has not properly filed the clerk's record in this case. The clerk's record, however, was filed in this Court on April 19, 2018. These complaints by Appellant are thus moot.

In his April 27, 2018 motion to appoint counsel, Appellant further requests in part "that a special prosecutor be appointed to investigate the facts of material documents that are clearly altered and included in the appellate record of this case." But we have found nothing giving this Court such authority. Accordingly, we dismiss this part of Appellant's April 27, 2018 motion to appoint counsel.

## Appellant's Brief

Finally, in his April 6, 2018 motion for extension of time to file brief, Appellant requests a thirty-day extension of time to file his brief in this appeal. In his April 30, 2018 second motion for extension of time to file brief, Appellant again requests a thirty-day extension of time to file his brief in this appeal. Appellant's motions for extension of time to file his brief are granted. Appellant's brief is due twenty days from the date of this Order.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Order issued and filed June 6, 2018

